UNITED STATES DISTRICT COURT

                          DISTRICT OF OREGON

JOSHUA THOMAS ALWINGER,

        Petitioner,        2:14-01218-SU

           v.                FINDINGS AND
                              RECOMMENDATION
JERI TAYLOR,

        Respondent.

SULLIVAN, Magistrate Judge.

    Petitioner, an inmate in the custody of the Oregon Department of Corrections, filed a petition for habeas corpus relief under 28 U.S.C. §2254 alleging four grounds for relief. Petition (#2). Respondent now moves to deny relief and dismiss this proceeding on the ground that petitioner did not exhaust state remedies with respect to his claims. Response (#25).

    The trial court found petitioner guilty on one count of

1 - FINDINGS AND RECOMMENDATION

Sexual Penetration in the First Degree and sentenced petitioner to 300 months incarceration.  Exhibit 101.

Petitioner appealed asserting one assignment of error - that "[t]he sentencing court erred in imposing a 300-month 'mandatory minimum' sentence pursuant to ORS 137.700(2)(b)(F) on count one."  Exhibit 106, p. 5.  The Oregon Court of Appeals affirmed in a written opinion, and adhered to that decision on reconsideration. Exhibits 108 and 111.  Petitioner did not seek Oregon Supreme Court review.

Petitioner filed a petition for post-conviction relief (PCR) alleging several grounds of ineffective assistance of counsel and "state misconduct."  Exhibit 113.  The PCR court denied relief, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 137 and 138.

The petition in this case alleges four claims for relief. Respondent argues that petitioner "never presented any of these claims to the Oregon Supreme Court in a manner in which they would be considered on the merits," and is procedurally defaulted from doing so now.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]"  Exhaustion occurs when a petitioner has given the

2 - FINDINGS AND RECOMMENDATION

state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992); Picard v. Connor, 404 U.S. 270, 275-76 (1971) If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, a habeas petitioner must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1966); *see also*, Baldwin v. Reese, 541 U.S. 27, 32 (2004) and Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, the petitioner must have presented their federal claim to the state courts in a procedural context in which the claims merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to the state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994); Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987).

Accordingly, a claim is "fairly presented" to the state courts
only if it was properly presented to (1) the state's Supreme

3 - FINDINGS AND RECOMMENDATION

Court, (2) as a federal question, (3) in the correct petition or brief, and (4) in a proper procedural context so that its merits will be considered..

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if a petitioner can "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if a petitioner shows that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is

4 - FINDINGS AND RECOMMENDATION

insufficient.  Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

In Grounds One and Two petitioner alleges that his confession was "coerced" and that there was "no evidence to support penetration only hearsay and the coerced confession. On direct appeal, petitioner raised only one claim concerning the proportionality of his sentence - and did not seek review by the Oregon Supreme Court.  Therefore his claims in Ground One and Two were never presented to the Oregon Supreme Court.

In Ground Three petitioner alleges that his conviction was obtained by "failure of the prosecution to disclose to the defendant [evidence] favorable to the defendant," and references "doctors reports" that allegedly would have demonstrated his innocence.

Petitioner never raised such a claim, either on direct appeal or in his PCR petition.  Although petitioner alleged "state misconduct" in his PCR petition, the claim made no mention of "doctors reports."  Rather petitioner alleged that

5 - FINDINGS AND RECOMMENDATION

the prosecutor had failed to investigate the State's witnesses.

In Ground Four petitioner alleges that his trial attorneys were ineffective because the failed to "adequately advocate" that his confession was "coerced." In his PCR proceeding petitioner alleged several claims of ineffective assistance of counsel, but he did not allege that counsel was ineffective for failing to adequately advocate that his confession was coerced. Therefore, the claim in Ground Four was never presented to the Oregon Supreme Court.

Plaintiff is now barred under Oregon law from filing any additional appeals or PCR proceedings[1] and is thus unable to "fairly present" any additional claims to the Oregon Courts.

Petitioner has not established any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Based on all of the foregoing, petitioner Petition (#2)

---

[1] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires that PCR appeals be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court be filed within 35 days from the date of the Court of Appeals' decision. See also, ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

6 - FINDINGS AND RECOMMENDATION

should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

Petitioner's Petition (#2) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

/////

/////

7 - FINDINGS AND RECOMMENDATION

/////

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 2nd day of July, 2015.

                                       /s/ Patricia Sullivan
                                       Patricia Sullivan
                                       United States Magistrate Judge